a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID T HOLLIS IMPLIED TRUST ET AL, <br> Plaintiff | CIVIL DOCKET NO. 1:23-CV-01820 <br> SEC P |
| VERSUS | JUDGE EDWARDS |
| SOCIETY OF THE STATE OF LOUISIANA, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a "Motion to Compel Alternative Dispute Resolution" filed by pro se Plaintiff David T. Hollis ("Hollis"). Hollis requests an Order compelling the State of Louisiana to adjudicate his pending criminal matter through arbitration or mediation. ECF No. 1 at 2.

Because Hollis must proceed under 28 U.S.C. § 2241, his Motion should be DENIED, and his case should be DISMISSED WITHOUT PREJUDICE to raising his claims in a § 2241 Petition.

I. **Background**

Hollis filed a Motion to Compel Alternative Dispute Resolution on behalf of himself and "David T. Hollis, Implied Trust." ECF No. 1 at 2. He asks the Court to compel the State of Louisiana to enter arbitration or mediation with respect to criminal charges pending against him. *Id.*

Hollis alleges that the criminal law contains an "undisclosed financial obligation" that is "commercial in nature," and that statutes containing penalties implicitly create a debt. *Id.* at 3.

## II. Law and Analysis

Federal claims relating to state pretrial detention must be raised under 28 U.S.C. § 2241 after the petitioner has fully exhausted the claim through the state court system. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.*

Furthermore, the principles of comity and federalism prevent federal courts from issuing injunctions while state court criminal proceedings are ongoing. *See Younger v. Harris*, 401 U.S. 37 (1971) ("absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions"); *Gibson v. Orleans Par. Sheriff*, 971 F.Supp. 2d 625, 629 (E.D. La. 2013).

Finally, a party seeking to arbitrate must show that there was a valid agreement to arbitrate the dispute in question. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Folse v. Richard Wolf Medical Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995); *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992). Hollis presents no evidence that the State agreed to arbitrate his case, and he provides no authority for the arbitration of criminal charges brought by the State.

### III. Conclusion

Because Hollis must challenge the constitutionality of his pretrial detention through a § 2241 petition, and has not adequately alleged entitlement to arbitration, IT IS RECOMMENDED that the "Motion to Compel Arbitration" be DENIED and Hollis's case be DISMISSED WITHOUT PREJUDICE to properly filing a § 2241 Petition following exhaustion.  IT IS FURTHER RECOMMENDED that Hollis's Objection (ECF No. 8) to a prior Memorandum Order be DENIED AS MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 9, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE